# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL WILKES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 1:19-cv-257 |
| | ) |
| **SCI ALBION,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

Plaintiff Daniel Wilkes, a former inmate at the State Correctional Institutions at Albion and Camp Hill, commenced this civil action on September 4, 2019 seeking redress for conditions of confinement that he claims violated his federal civil rights. The matter was referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings, in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Civil Rules of this Court.

On January 6, 2020, Plaintiff filed an Amended Complaint, which is the operative pleading in this case.[1] ECF No. 12. In his Amended Complaint, Plaintiff indicates that he is suing SCI-Albion, SCI-Albion "Medical," four officials employed at SCI Albion (*i.e.*, Medical Supervisor Smock,[2] Superintendent Michael Clark, Grievance Coordinator Tharp, and Captain Sissen), and three officials employed at SCI-Camp Hill (*i.e.,* Superintendent Laural Harry, Deputy Superintendent for Facilities Keith Carberry, and Major of Guards Bernard Panasiewicz). Plaintiff's grievances arise from an incident that occurred in May 2019, when he was a passenger in a transport van that backed into a pole in the course of transporting him from SCI-Camp Hill

---

[1] Although Plaintiff obtained leave of Court to file a Second Amended Complaint, he never did so.  *See* ECF Nos. 30 and 31.

[2] Defendant Smock is incorrectly identified as "Ms. Smouck" in the Amended Complaint.

1

to SCI-Albion.  ECF No. 12.  Plaintiff claims that he was not provided with appropriate medical attention following this incident.  *Id*.  During his confinement at SCI-Albion, he was also denied a "handicap cell" with handrails, despite being paralyzed from the waist down.  *Id*.  Plaintiff alleges that, as a result of being denied a properly equipped cell, he sustained a fall on November 16, 2019, which resulted in broken ribs and a collapsed lung.  *Id*.  After being placed in an intensive care room, Plaintiff was allegedly "treated horribly" by certain unidentified SCI-Albion guards who took away his call button such that Plaintiff could not summon a nurse for pain medication.  Id.

Pending before the Court is the Defendants' motion for judgment on the pleadings.  ECF No. 39.[3]  Plaintiff has responded to Defendants' motion and has submitted exhibits for the Court's review.  ECF No. 40.  Accordingly, the matter is ripe for judicial review.

On April 8, 2021, Magistrate Judge Lanzillo issued a Report and Recommendation, ECF No. 41, recommending that:  (1) Plaintiff's claims against SCI-Albion and SCI-Albion Medical be dismissed with prejudice and (2) Plaintiff's claims against the individual Defendants be dismissed without prejudice and with leave to amend.  Notably, Judge Lanzillo interpreted Plaintiff's Amended Complaint as asserting two different types of Eighth Amendment violations under 42 U.S.C. §1983:  deliberate indifference to a prison condition and deliberate indifference

---

[3] In their motion, Defendants seek judgment in favor of SCI-Albion, SCI-Albion "Medical," and Defendants Smock, Clark, Tharp, Harry, Carberry, and Panasiewicz. For reasons that are not clear to the Court, Defendants did not include Captain Sissen in their motion.  Nevertheless, the Court is independently obligated to consider the sufficiency of Plaintiff's claims against Captain Sissen pursuant to 28 U.S.C. §1915(e).  The Court's standard of review in this regard is the same as would be applied pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c).  *See Smalls v. Reilly,* No. 21-CV-0903, 2021 WL 1945744, at *2 (E.D. Pa. May 14, 2021) (noting the identical standards of review that apply under 28 U.S.C. §1915(e) and Fed. R. Civ. P. 12(b)(6)); *Haney-Filippone v. Agora Cyber Charter Sch.*, No. CV 20-5303, 2021 WL 1853434, at *2 (E.D. Pa. May 10, 2021) (observing that Rule 12(c) motions and Rule 12(b)(6) motions are analyzed under the same standard of review).

to a serious medical need.  With respect to Defendants SCI-Albion and SCI-Albion Medical, Judge Lanzillo concluded that these Defendants are Commonwealth entities and, as such, they are immune from suit in federal court under the Eleventh Amendment to the U.S. Constitution.  With respect to the claims asserted against the individual Defendants, Judge Lanzillo concluded that Plaintiff had failed to allege facts showing each individual's personal involvement in an actionable Eighth Amendment violation, as is required for §1983 liability.  *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988).  Nevertheless, Judge Lanzillo recommended that Plaintiff be given leave to amend his claims against the individual Defendants so that Plaintiff he can attempt to replead his Eighth Amendment claims against any of the individual Defendants who may have been personally involved in actionable misconduct.

       Plaintiff's objections to the Report and Recommendation were due April 26, 2021.  To date, no objections have been filed.

       After *de novo* review of the Amended Complaint, the Defendants' motion, and the Report and Recommendation, the Court finds itself in agreement with Judge Lanzillo's analysis, albeit with a few additional observations.  Based upon Plaintiff's assertion that he was denied a prison cell equipped with handrails, it is possible that Plaintiff may be attempting to state a claim under Title II of the Americans with Disabilities Act of 1990 ("ADA") and/or a claim under the Rehabilitation Act ("RA"), both of which prevent discrimination against "qualified individuals with a disability."  *See* 42 U.S.C. §12132 (stating that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity"); *see also* 29 U.S.C. §794(a) ("No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the

participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."). "The provisions of the Americans with Disabilities Act and the Rehabilitation Act are applicable to state prison programs, so prisoners can be qualified individuals entitled to protection under these Acts." *Ali v. Howard*, No. 05-102SLRLPS, 2008 WL 4427209, at *2 n. 9 (D. Del. Sept. 30, 2008) (citing *Yeskey v. Commonwealth of Pa. Dep't of Corrections*, 118 F.3d 168 (3d Cir.1997), *aff'd* 524 U.S. 206 (1998); *see also United States v. Georgia*, 546 U.S. 151 (2006)).

The U.S. Court of Appeals for the Third Circuit has instructed that "[t]he substantive standards for determining liability under the Rehabilitation Act and the ADA are the same." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 275 (3d Cir. 2014).  In order to maintain a claim under either statute, a plaintiff must demonstrate "that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288-89 (3d Cir. 2019).  A plaintiff who seeks compensatory damages must also show intentional discrimination under a deliberate indifference standard.[4]  *Id*. at 289.  To satisfy this standard, Plaintiff must allege that (1) the Department of Corrections had knowledge that a federally protected right was substantially likely to be violated (i.e. it had knowledge that the failure to provide Plaintiff with an appropriate cell likely violated his right to a reasonable accommodations of his disability), and (2) the prison failed to act despite that knowledge. *Id.* at 292.

Importantly, the U.S. Court of Appeals for the Third Circuit has held that employees of federally funded entities are not subject to individual liability under the Rehabilitation Act.  *See*

---

[4] Punitive damages are not available under either Title II of the ADA or the Rehabilitation Act. *See Barnes v. Gorman,* 536 U.S. 181, 189 (2002).

4

*Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) ("Because the individual defendants do not receive federal aid, Emerson does not state a claim against them under the Rehabilitation Act."); *accord Doe v. DeJoy*, No. 5:19-CV-05885, 2020 WL 4382010, at *11 (E.D. Pa. July 31, 2020) (holding that there is no individual liability under the Rehabilitation Act and citing authority). Although the Court of Appeals has not issued a precedential ruling to that effect in the context of a Title II ADA case, the Court has indicated in several non-precedential rulings that Title II ADA suits also may not be maintained against government agents in their personal capacities. *See Kokinda v. Pennsylvania Dep't of Corr.*, 779 F. App'x 938, 942 (3d Cir. 2019) (concluding that plaintiff's "claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability") (citations omitted); *Bowens v. Wetzel*, 674 F. App'x 133, 136 (3d Cir. 2017) (noting that "the District Court could have properly followed the holdings of those circuits which have concluded that there is no individual damages liability under Title II of the ADA, which provides an additional basis to affirm the dismissal of this claim"); *Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 169-70 (3d Cir. 2015) (agreeing with the Second and Eighth Circuits that "Title II of the ADA does not provide for suits against state officers in their individual capacities"). Based upon this authority, the undersigned concludes that Plaintiff cannot maintain any Title II ADA or Rehabilitation Act claims against the individual Defendants in their personal capacities.

Moreover, to the extent Plaintiff is attempting to sue the Pennsylvania Department of Corrections through official capacity claims against its employees, Plaintiff has no viable claim for prospective injunctive relief in view of the fact that he has since been released from SCI-Albion. At this point, any past ADA or Rehabilitation Act violations that Plaintiff may have suffered at the hands of SCI-Albion (or SCI-Camp Hill) officials are no longer an ongoing threat

5

to him. As a result, any possible claims for injunctive relief under the ADA and/or the Rehabilitation Act are moot. *See Johnson v. Tritt*, No. 1:18-CV-203, 2020 WL 1911538, at *12 (M.D. Pa. Apr. 20, 2020).

On the other hand, Plaintiff might be able to successfully assert an "official capacity" compensatory damages claim against responsible corrections officials for any violations of the ADA and/or the Rehabilitation Act that have occurred in the past. *See Johnson*, 2020 WL 1911538, at *12 (noting that the Eleventh Amendment does not bar such claims). It is not presently clear from the averments in the complaint whether Plaintiff is attempting to state such a claim here. Although it is plausible to infer that Plaintiff is a "qualified individual with a disability," he has not alleged whom he believes is responsible for the denial of a "handicap cell," nor does he specify whether he is suing that individual in an official capacity. Alternatively, Plaintiff has not named the Pennsylvania Department of Corrections as a Defendant in this lawsuit. Moreover, Plaintiff has not alleged that he was intentionally discriminated against on the basis of his disability under the deliberate indifference standard explained above. Accordingly, Plaintiff's Amended Complaint, as currently plead, is insufficient to state plausible claims for compensatory damages under Title II of the ADA and/or the Rehabilitation Act. To the extent Plaintiff wishes to assert such a claim, he may attempt to do so in his amended pleading.

Accordingly, after *de novo* review of the complaint and documents in the case, together with the report and recommendation, the following Order is entered:

NOW, this 18th day of May, 2021;

IT IS ORDERED that Defendants' motion for judgment on the pleadings shall be, and hereby is, GRANTED as follows:

6

(1) Plaintiff's claims against Defendants SCI-Albion and SCI-Albion Medical are DISMISSED with prejudice and without further leave to amend; and

(2) Plaintiff's claims against the individual Defendants pursuant to 42 U.S.C. §1983 are DISMISSED without prejudice and with leave to be reasserted in an amended pleading, to the extent Plaintiff can do so consistent with the principles set forth in Magistrate Judge Lanzillo's April 8, 2021 Report and Recommendation, ECF No. [41], and this Memorandum Order; and

(3) Plaintiff's claims, if any, under Title II of the Americans with Disabilities Act and/or the Rehabilitation Act are dismissed with prejudice as against the individual Defendants in their personal capacities, but Plaintiff will have leave to re-plead such claims against the responsible individual(s) in his or her official capacity, to the extent Plaintiff can do so consistent with the principles discussed herein.

**(3) Plaintiff may file a Second Amended Complaint on or before June 24, 2021. In the event Plaintiff fails to do so, the dismissal of his claims against the individual Defendants will be converted to a dismissal with prejudice, and the case will be closed, without further notice.**

IT IS FURTHER ORDERED that the report and recommendation of U.S. Magistrate Judge Richard A. Lanzillo, issued on April 8, 2021, ECF No. [41], as modified herein, is adopted as the opinion of the Court.

*Susan Paradise Baxter*
Susan Paradise Baxter
United States District Judge

cm:   DANIEL WILKES
      655 State Street
      Meadville, PA 16335
      (via First Class U.S. Mail)


      United States Magistrate Judge Richard A. Lanzillo
      (via CM/ECF)

7